UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATSCO,
a division of Greater Bay Bank N.A.,

    Plaintiff,

v.                                    CASE NO: 8:07-cv-1675-T-23TBM

DONALD M. FOX, D.D.S., M.S., P.A., et al.,

    Defendants.

_____/

**ORDER**

On March 18, 2008, the plaintiff filed a third amended complaint, which (according to the attached certificate of service) the plaintiff served the previous day on Michael D. Siegel ("Mr. Siegel"), counsel for the defendants Donald M. Fox and Donald M. Fox, D.D.S., M.S., P.A. (collectively, the "Fox defendants"). A March 19, 2008, order (Doc. 21) grants Mr. Siegel's motion to withdraw as counsel for the Fox defendants and grants in part the Fox defendants' motion to enlarge the time to respond to the amended complaint by staying this action until April 11, 2008. Additionally, the order advises Donald M. Fox, D.D.S., M.S., P.A. ("Fox P.A.") that corporations, partnerships, and associations[1] may appear only through counsel admitted to practice in the court and directs Fox P.A., on or before April 11, 2008, to retain new counsel and cause the new counsel to file a notice of appearance. No new counsel has appeared on behalf of Fox P.A. Further, the time for serving an answer to the second amended complaint has

---

[1] Donald M. Fox, D.D.S., M.S., P.A., is a professional association organized under the laws of Florida. See Doc. 1 ¶ 4; Doc. 6 ¶ 6.

expired[2] and the plaintiff's counsel states that neither Donald M. Fox nor Fox P.A. has served an answer.  The plaintiff moves (Doc. 28) for entry of default against the Fox defendants, and the Fox defendants fail to respond in opposition within the time prescribed by Local Rule 3.01(b).

Accordingly, the motion (Doc. 28) is **GRANTED**.  The Clerk is directed to enter **DEFAULT** against Donald M. Fox and Donald M. Fox, D.D.S., M.S., P.A., and to send a copy of this order by registered mail (return receipt requested) to the Fox defendants at the address listed on the summonses (Docs. 2, 4).

ORDERED in Tampa, Florida, on May 30, 2008.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] See Fed. R. Civ. P. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later."); see also Snyder v. Pascack Valley Hospital, 303 F.3d 271, 276 (3d Cir. 2002) ("[A] defendant is required to answer the amended complaint even if the new version does not change the charges against him") (citing former version of Fed. R. Civ. P. 15(a)); Parise v. Riccelli Haulers, Inc., 672 F. Supp. 72, 74 (N.D.N.Y. 1987) (granting motion for a default judgment against a defendant who answered the original complaint, but failed to answer or otherwise respond to the amended complaint).